# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 05-1143

**BESSIE DUCOTE, ET AL.**

**VERSUS**

**TONY M. FRANK, ET AL.**

**************
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, DOCKET NUMBER 66096-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Billy H. Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

Jerold Knoll, Sr.
Knoll Law Firm
P.O. Box 426
Marksville, Louisiana 71351
(318) 253-6200
COUNSEL FOR PLAINTIFFS/APPELLEES:
     Bessie Ducote, et al.

Mark R. Pharr, III
Galloway, Johnson, Tompkins, Burr and Smith
110 East Kaliste Saloom Road, Suite 201
Lafayette, Louisiana 70508
(337) 235-7110
COUNSEL FOR DEFENDANTS/APPELLANTS:
     Tony M. Frank, et al.

**COOKS, Judge.**

## STATEMENT OF THE CASE

W. E. McDonald & Sons, LLC, its insurer, Transcontinental Insurance Company, and its employee, Tony Frank, appeal the judgment of the trial court granting a partial summary judgment on the issue of liability in favor of Bessie Ducote and her brother, Horace Gagnard. For the reasons assigned below, we affirm the decision of the trial court.

## STATEMENT OF THE FACTS

On May 22, 2004, Bessie Ducote was driving her 1995 Ford Escort northbound on Louisiana Highway 107. Her brother, Horace Gagnard, was a guest passenger in her vehicle and they were on their way to the hospital in Pineville to visit Horace's wife. As they approached a roadway construction area, Ms. Ducote was stopped by a flagman, Tommy Buxton, an employee of W.E. McDonald & Sons, LLC (McDonald). The northbound lane of Highway 107 was under construction but the southbound lane was clear. McDonald employed two flagmen who were stationed to direct traffic at opposite ends of the construction site. McDonald also provided a pace car, driven by Darlene Cloud, which led cars through the construction site by way of the southbound lane. After stopping Ms. Ducote momentarily, the flagman motioned for her to proceed through the construction area in the southbound lane. As Ms. Ducote was moving north on the southbound lane, she encountered the pace car coming toward her. The driver of the pace car, Ms. Cloud, pulled alongside Ms. Ducote and motioned for her to pull over into the northbound lane, which was under construction, to allow Ms. Cloud and the fifteen cars behind her, to proceed through. Ms. Ducote complied. While she was stopped in the northbound lane, waiting for traffic to proceed past her, a caterpillar road grader or "sheep's foot", driven by a

2

McDonald employee, Tony Frank, backed into her vehicle. Ms. Ducote and her brother sustained damages as a result of the accident and filed suit on June 25, 2004 against McDonald, Transcontinental Insurance Company and Tony Frank.

The depositions of State Trooper Ragan Lewis, Bessie Ducote, Horace Gagnard, Darlene Cloud, and Tony Frank were taken. The deposition of the flagman, Tommy Buxton, was scheduled, and he was properly served, but he failed to honor the subpoena. Mr. Buxton no longer works for McDonald. The trial court granted the Plaintiffs' motion for partial summary judgment on the issue of liability. Thereafter, the Defendants filed a Motion for a New Trial based on the deposition testimony of Roy Wilson, a McDonald employee. After review of Mr. Wilson's testimony, the trial court denied the Defendants' Motion for a New Trial. The Defendants appeal the judgment of the trial court asserting, first, the partial summary judgment was premature because discovery was not yet complete; and, second, there is a genuine dispute as to whether Ms. Ducote was partially at fault in causing the accident.

## LAW AND DISCUSSION

*Prematurity*

The Defendants assert the partial summary judgment was premature because at the time of the filing of the motion, discovery was not yet complete because the depositions of Darlene Cloud, Tony Frank and Tommy Buxton had not yet been taken. However, the record indicates, prior to the hearing on the motion, the depositions of Darlene Cloud and Tony Frank were taken, which testimony was considered by the trial court. In granting the motion for partial summary judgment, the trial court stated:

> I was also concerned about the prematurity. That's another factor
> because I think it's a . . . it's an important point and had these two other

depositions not been taken I would have a lot of concern about that, but they have been taken, so now we're faced with the only one that's really important to me is Buxton and he's nowhere to be found, but he was a McDonald's employee. He knows what was going on and they know what was going on. No one has told me anything that would indicate to me that he's gonna say anything that's gonna change this. As far as I'm concerned the liability rest whether or not she was waived over and whether or not the guy backed into her, which have . . . no one has given me anything to controvert that, so I think that liability is clear at this point and I'm gonna grant the motion for summary judgment.

We agree with the trial court and find no merit in Defendants argument. Moreover, the Defendants submitted the additional testimony of Roy Wilson at the Motion for a New Trial, which was also considered by the trial court. The only other individual having any information concerning the accident is Mr. Buxton, who is unavailable.

*Partial Summary Judgment and Motion for a New Trial*

The Defendants contend the trial court erred because the deposition testimony of Roy Wilson presents a genuine issue of material fact regarding whether Ms. Ducote's actions placed her in a dangerous position and, therefore, contributed to the accident. We have reviewed the deposition testimony, particularly that of Mr. Wilson, and we conclude there is no genuine dispute that McDonald's employees were solely at fault in causing the accident.

There is no dispute that McDonald's flagman, Mr. Buxton, directed Ms. Ducote to proceed into the southbound lane. At the time, Roy Wilson, an employee of McDonald, was in the northbound construction lane, driving a motor grader. He was about one hundred feet behind Ms. Ducote and saw Mr. Buxton direct Ms. Ducote into the construction area. He also observed the pace car driver, Ms. Cloud, approach Ms. Ducote and motion for her to move into the northbound construction lane to allow the traffic to proceed. He testified after the pace car and fifteen other cars passed, the southbound lane was clear of traffic and Ms. Ducote could have moved

4

back into the southbound lane and traveled out of the construction area. Instead, he testified, she remained in the northbound lane and began following the caterpillar road grader or sheep's foot as it moved forward. When the road grader began backing up, it hit Ms. Ducote's vehicle. The Defendants rely on Mr. Wilson's testimony to assert Ms. Ducote could have moved into the southbound lane, out of harm's way; and she, therefore, could have avoided the accident. Additionally, the Defendants' argue Ms. Ducote was following too closely behind the grader. We disagree.

Initially, it should be noted, Mr. Wilson testified at the time of the accident, he was approximately three hundred feet away from the road grader. From that distance, it is unlikely he was able to tell how close the grader was from Ms. Ducote's vehicle. The testimony indicates Ms. Ducote was stopped in the northbound lane, between the road grader and an unoccupied construction tractor parked behind her.

McDonald was in control of the state highway and had a duty to motorists to move the traffic safely in and out of the construction area. The risk of a collision with a piece of construction equipment is foreseeable and is within the scope of the duty owed to a motorist. Ms. Ducote and Mr. Gagnard were injured because a McDonald employee directed them into the construction area without taking proper precautions to ensure that they would be able to proceed safely to the other side. Moreover, the pace car driver, Ms. Cloud, directed Ms. Ducote onto a unpaved roadbed which the driver knew, or should have known, was unsafe for motorists to maneuver without McDonald taking proper steps to protect them from encountering numerous hazards existing at the construction site. Mr. Frank, another McDonald employee, failed to notice Ms. Ducote stopped behind him, and he backed into the front of her vehicle. Ms. Ducote was under the direction and control of McDonald from the moment she proceeded into the construction area. Further, McDonald was in a superior position

5

to prevent the accident. *Maldonado v. Louisiana Superdome Comm'n*, 95-2490 (La.App. 4 Cir. 1/22/97), 687 So.2d 1087, *writ denied*, 97-469 (La. 4/18/97), 692 So.2d 448. McDonald cannot now limit the scope of its duty by arguing Ms. Ducote should have been aware of the danger and taken steps to avoid injury. *See Politz v. Recreation and Park Comm'n for Parish of East Baton Rouge*, 619 So.2d 1089 (La.App. 1 Cir.1993), *writ denied,* 627 So.2d 653 (La.1993). Ms. Ducote was stopped in the northbound lane awaiting further instructions. We find, based on the deposition testimony, there is no genuine dispute that sole responsibility for this accident rests with McDonald. Therefore, we affirm the decision of the trial court granting the motion for partial summary judgment on the issue of liability. We affirm the decision of the trial court denying the motion for a new trial under La.Code Civ.P. arts. 1971 and 1972.

## DECREE

Based on the foregoing review of the record, we affirm the decision of the trial court. All costs of this appeal are assessed to the Defendants.

**AFFIRMED.**